# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JAMEL G. GILLIAM,
               Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
SF-0752-16-0705-I-1

DATE: January 25, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Dennis L. Friedman</u>, Esquire, Philadelphia, Pennsylvania, for the appellant.

<u>Reza Behinia</u>, Los Angeles, California, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant was a GS-13 Health System Specialist working at the agency's San Diego, California facility.  Initial Appeal File (IAF), Tab 9.  On February 27, 2015, the appellant's supervisors rated the appellant's performance as "Unacceptable."  *Id*.  On March 17, 2015, the agency placed the appellant on a performance improvement plan (PIP) based on his "Unacceptable" rating in one of his critical elements.  IAF, Tab 3.  Instead of the appellant completing the PIP, however, the agency granted his request for a temporary detail.  *Id.* at 14-15.  He returned to his former job—still remaining on the PIP—sometime in August 2015. *Id*.

¶3    The appellant resigned from his GS-13 position on September 11, 2015.  *Id*. at 28.  He stated that he resigned from his job "because it was evident" that his supervisor's "intention was to terminate [his] employment."  *Id.* at 6.  After he resigned, the appellant filed a formal equal employment opportunity (EEO) complaint alleging discrimination on the bases of race and sex.  *Id*. at 18.  The appellant timely filed this Board appeal alleging that his resignation was

involuntary after the agency issued a final agency decision on his EEO complaint. IAF, Tab 1. The appellant requested a hearing. *Id*.

¶4 The administrative judge issued an acknowledgment order in which he informed the appellant that the Board might not have jurisdiction over his appeal, apprised him of his jurisdictional burden, and ordered him to file evidence and argument on the jurisdictional issue. IAF, Tab 2 at 2-3. The appellant responded to the jurisdictional order. IAF, Tabs 3-7. The administrative judge reviewed the appellant's submissions and found that he failed to make a nonfrivolous allegation that his placement on a PIP and his alleged poor treatment by his supervisor forced him to resign. Without holding the requested hearing, the administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID).

¶5 The appellant has filed a document that he titles "Appellant's Protective Petition for Review." Petition for Review (PFR) File, Tab 1. He notes that he "contacted the agency and asked that his discrimination complaint be processed under the non-mixed case procedures of" the Equal Employment Opportunity Commission (EEOC). *Id.* He adds that he filed this protective petition for review as a "precautionary measure" because the agency has not yet responded to his request to have his case processed through the EEOC. *Id.* He also filed a supplement to his petition for review, which contains copies of letters he sent to the agency concerning his request to process his case through the EEOC and a copy of the final agency decision on his discrimination complaint. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6 We turn first to the appellant's request that his case be processed under the purview of EEOC's Federal sector EEO regulations, instead of continuing with his appeal through the Board on review. 29 C.F.R. part 1614. The EEOC may or may not decide to adjudicate the appellant's request for further processing of his

discrimination complaint. *See Complainant v. Lynch*, EEOC Appeal No. 0120132506, 2015 WL 4760937 (July 28, 2015) (finding that, if the Board does not have jurisdiction over part of a discrimination complaint, the agency should process that part under non-mixed case procedures). However, to the extent that the appellant may be asking the Board to order the agency or the EEOC to process his discrimination complaint, the Board lacks the authority to do so.

¶7     We now turn to our review of the administrative judge's initial decision. As the administrative judge correctly found, the Board does not have jurisdiction over all agency actions that are alleged to be incorrect. ID at 5. Instead, the Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).

¶8     The appellant has not asserted error in the initial decision. Instead, his petition for review appears to constitute mere disagreement with the administrative judge's findings. *See Mulroy v. Office of Personnel Management*, 92 M.S.P.R. 404, ¶ 15 (2002) (finding that a petition for review does not meet the criteria for review when it does not raise specific arguments of error and merely incorporates arguments submitted below), *overruled on other grounds by Clark v. Office of Personnel Management*, 120 M.S.P.R. 440 (2013); *see Alexander v. Department of Commerce*, 30 M.S.P.R. 243, 248-49 (1986) (finding that, when the appellant's petition for review merely repeated the explanation he gave to the agency's deciding official, the petition did not meet the criteria for review because it did not set forth specific objections to the initial decision), *overruled on other grounds by Jackson v. Department of Veterans Affairs*, 97 M.S.P.R. 13 (2004).

¶9     We find no basis to disturb the administrative judge's well-reasoned findings regarding the appellant's allegations of involuntariness concerning his decision to resign. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997)

(finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 12 (2009); *Miller v. Department of Defense*, 85 M.S.P.R. 310, ¶ 32 (2000) (finding that an employee is not guaranteed a working environment free of stress and that generally, dissatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign).

¶10      Accordingly, we affirm the administrative judge's dismissal of this constructive removal appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:            /s/ for
                               Jennifer Everling
                               Acting Clerk of the Board

Washington, D.C.